IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00552-009DAE |
| Plaintiff, | ) | |
| vs. | ) | |
| FAAFITI SUI, SR., | ) | |
| Defendant. | ) | |

ORDER APPOINTING THE FEDERAL PUBLIC
DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Pursuant to a Plea Agreement, Defendant stipulated that he was accountable for at least 50 grams of cocaine base.

This Court found that Defendant was a minor participant and eligible for reduction of his offense level based upon his role in the crime. At the sentencing, the Court found that the total offense level, which included reductions for acceptance of responsibility, was 25 and that based on the criminal history category of IV, the guideline range was 84 to 105 months. This Court granted the government's motion for a downward departure based upon Defendant's

substantial assistance. Defendant was sentenced on May 2, 2005, to a 90-month term of imprisonment.

On November 1, 2007, Amendment 706 became effective, allowing a reduction to the base offense level for most cocaine base ("crack") offenses.[1] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively in U.S.S.G. Section 1B1.10(c), effective March 3, 2008. An amendment to the Guidelines may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other controlled substances.

On January 28, 2008, Defendant, pro se, filed a Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2). Because it is unclear whether Defendant's base offense level would be affected by Amendment 706, this

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

Court finds that Defendant would be best served by having counsel appointed for him regarding this issue.  This Court hereby appoints the Federal Public Defenders Office as counsel, assuming they have no conflict of interest or that if there is a conflict that such conflict can be waived.  In the event there is a conflict, which cannot be waived, the Court directs the Federal Public Defenders Office to so advise the Court, in which case the matter will be referred to a CJA counsel.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 20, 2008.



_____
David Alan Ezra
United States District Judge

United States of America vs. Faafiti Sui, Sr., CR. No. 02-00552-009 DAE; ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT